IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

|  |  |  |
|---|---|---|
| AMERIHOME MORTGAGE COMPANY LLC<br><br>    *Plaintiff,*<br><br>VS.<br><br>BRADY WILLIAMS, JILLIAN WILLIAMS, UNITED STATES OF AMERICA ON BEHALF OF THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, AND MEMBERS CHOICE CREDIT UNION,<br><br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:25-CV-00210<br>JUDGE MICHAEL J. TRUNCALE |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the Court referred this proceeding to the Honorable Christine L. Stetson, Magistrate Judge, for pretrial management. *See* § 636(b)(1); E.D. TEX. LOC. R. CV-72.

## BACKGROUND

On May 7, 2026, Judge Stetson issued a Report and Recommendation advising dismissal of this case for want of jurisdiction. *See* [Dkt. 25 at 6 (citing FED. R. CIV. P. 12(h)(3))]. The Report and Recommendation found that the federal statute upon which Plaintiff AmeriHome Mortgage LLC relies to assert jurisdiction, 28 U.S.C. § 2410, does not establish *original* subject-matter jurisdiction in this action. [Dkt. 25 at 3–4 & nn.1–2]. Plaintiff filed an objection to Judge Stetson's Report and Recommendation on May 21, 2026. [Dkt. 26]. Plaintiff asserts that § 2410 confers subject-matter jurisdiction for actions in which the federal government claims an interest in the land that the lawsuit concerns, as is alleged here. *See* [*id.*].

## DISCUSSION

Plaintiff's objection falls short.  "As explicitly stated in the statute, § 2410(a) operates in conjunction with 28 U.S.C. § 1444, thereby allowing plaintiffs to name the United States as a lienholder in state-law foreclosure actions and the United States to remove those actions from state court."  *Planet Home Lending, LLC v. Waterwall*, No. 25-CV-387, 2026 WL 1084006, at *2 (S.D. Tex. Apr. 6, 2026), *R. & R. adopted*, 2026 WL 1081200, at *1 (S.D. Tex. Apr. 21, 2026).  Indeed, the applicability of § 2410 requires "the conditions prescribed in . . . section 1444 of" Title 28 to be satisfied, *see* § 2410(a), and that statute is available only when foreclosure actions against the United States are "brought . . . in [] State court," § 1444.  Thus, in her Report and Recommendation, Judge Stetson correctly found "that § 2410 is conditioned on removal."  [Dkt. 25 at 4 n.2] (cleaned up).  *See also Lakeview Loan Servicing, LLC v. Tennyson*, No. 25-CV-1232, 2026 WL 799709, at *3–4 (N.D. Tex. Mar. 23, 2026).[1]  Accordingly, because this case was originally filed in federal court, § 2410 does not establish jurisdiction under § 1331 and this action must be dismissed.

It is therefore **ORDERED** that Plaintiff's Objection [Dkt. 26] is **OVERRULED**, that the Report and Recommendation [Dkt. 25] is **ADOPTED**, and that this matter is hereby **DISMISSED WITHOUT PREJUDICE** under FED. R. CIV. P. 12(h)(3).  A final judgment will be entered.

**SIGNED this 1st day of July, 2026.**

Michael J. Truncale
United States District Judge

---

[1] One binding case that Plaintiff relies on confirms that § 2410 jurisdiction is premised on removal.  *See Lewis v. Hunt*, 492 F.3d 565, 568 (5th Cir. 2007) ("The government removed the case to federal district court").  Otherwise, it cites no cases rejecting the removal prerequisite, and other courts have distinguished the non-binding authority that Plaintiff does cite.  *See, e.g.*, *Lakeview Loan Servicing LLC v. Lee*, No. 25-CV-525, 2025 WL 3221472, at *2–3 (N.D. Tex. Oct. 22), *R. & R. adopted*, 2025 WL 3218913 (N.D. Tex. Nov. 17, 2025); *Nationstar Mortg., LLC v. Abbott*, No. 25-CV-4399, 2026 WL 1765978, at *2 (S.D. Tex. Apr. 29), *R. & R. adopted*, 2026 WL 1764856 (S.D. Tex. June 18, 2026).

2